THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FLOR T. DEL RIO LORANCA

     Plaintiff,

     v.

AEROSTAR AIRPORT HOLDINGS, LLC *et al.*,

     Defendants.

Civil No. 19-1660 (ADC)

## OPINION AND ORDER

### I.    Procedural Background[1]

#### A.    The complaint

Flor T. Del Río Loranca ("plaintiff") filed a complaint alleging that her former employer, Aerostar Airport Holdings, LLC's ("Aerostar"), wrongfully terminated, retaliated, and discriminated against her in violation of several federal and state laws: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e2(a)(1), (2) and e-3(a) ("Title VII"); the Equal Pay Act, 29 U.S.C. § 206 ("EPA"); P.R. Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 146 et seq. ("Law 100"); P.R. Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194 et seq. ("Law 115"); PR Law No. 69 of July 6, 1985, P.R. Laws Ann. tit. 29, § 1321 et seq. ("Law 69"); PR

---

[1] The factual and procedural background of this case is carefully laid out in the Opinion and Order at **ECF No. 158**.

Law No. 17 of April 22, 1988, P.R. Laws Ann. tit. 29 §§ 155 et seq. ("Law 17"); PR Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29, § 185 et seq. ("Law 80"); and Articles 1802 and 1803 of Puerto Rico's Civil Code, PR Laws Ann. tit. 31 § 1451, 1452 ("Articles 1802, 1803" or, generally, Puerto Rico tort statutes).

Plaintiff also asserts that co-defendants Agustín Arellano-Rodríguez ("Arellano"), Aerostar's former Chief Executive Officer, and María Román-Santos ("Román"), Aerostar's former human resources director, in their individual capacities, also discriminated and retaliated against her. **ECF No. 1**.

### B.      The Opinion and Order

On May 17, 2022, the Court entered an Opinion and Order (the "Opinion and Order") addressing several motions for summary judgment. **ECF No. 158**. The Court granted summary judgment (in part) in favor of defendants. *Id*. Specifically, the Court dismissed plaintiff's claims under EPA and Law 17; dismissed plaintiff's claims under Title VII and Law 80 against Arellano and Román. However, because both parties relied on a single decision by the Puerto Rico Supreme Court available only in the Spanish language,[2] the Court denied without prejudice defendants' request for summary dismissal of plaintiff's claims under Law 115 and Articles 1802, 1803. The Court ordered the parties to submit a certified translation of that decision and to reassert their request for summary judgment thereafter. *Id*.

---

[2] *Santiago Nieves v. Braulio Agosto Motors*, 197 D.P.R. 369 (2017). *See* **ECF No. 158** at 38.

C.      **Defendants' request under *Santiago Nieves v. Braulio Agosto Motors, infra***

On June 6, 2022, defendants submitted a certified translation of the Puerto Rico Supreme Court's decision in *Santiago Nieves v. Braulio Agosto Motors*, 197 D.P.R. 369 (2017)("Santiago Nieves"). **ECF No. 162**. As instructed in the Opinion and Order, at **ECF No. 162** defendants jointly moved for summary judgment to dismiss plaintiff's claims under Law 115 and Articles 1802, 1803.[3] Plaintiff did not oppose this motion.

On June 6, 2022, in a separate filing, Aerostar reiterated its request at **ECF No. 162** and moved for summary judgment dismissing plaintiff's tort claims. **ECF No. 163**. Aerostar argues that under *Santiago Nieves*, a party cannot be liable under Puerto Rico general tort statute (Articles 1802, 1803) if a particular employment law provides a relief. *Id.*

D.      **Aerostar's motion to correct or amend the Opinion and Order**

On June 14, 2022, Aerostar filed a motion to amend or correct this Court's Opinion and Order under Fed. R. Civ. P. 59(e). It requested dismissal of all remaining claims. **ECF No. 164**. Aerostar filed an amended version of its motion to amend the Opinion and Order. **ECF No. 165**.

---

[3] To be more precise, defendants renewed their request for summary judgment and adopted by reference their previous motions: "for the reasons stated in their memoranda in support of Motion for Summary Judgment filed by codefendant Aerostar (Docket No. 77, 77-1) and the Motion for Summary Judgment in Favor of Individual Co-defendants, Agustín Arellano [] and María Román [] (Docket No. 80, 80-2)" defendants moved the Court to "issue[] a Summary Judgment dismissing plaintiff's tort claims against all co-defendants and plaintiff's claims under Puerto Rico Act No. 115 [] against co-defendants Agustín Arellano [] and María Román []." *Id.*, at 2.

**E.      Individual co-defendants' motion to amend and correct the Opinion and Order**

On June 14, 2022, Arellano and Román filed a motion to amend this Court's Opinion and Order pursuant to Fed. R. Civ. P. 59(e).[4] They, too, request dismissal of all pending claims against them. **ECF No. 167**.

**F.      Plaintiff's responses**

On June 21, 2022, plaintiff filed a motion for extension of time to file a response to Aerostar's motion for summary judgment. **ECF No. 168**.[5] However, plaintiff did not file a timely response in connection with defendants' joint filing at **ECF No. 162** nor did she move for an extension of time to do so.

On June 27, 2022, at **ECF No. 170**, plaintiff moved for an extension of time to file a response to defendants' motions under Fed. R. Civ. P. 59(e).

On July 1, 2022, plaintiff filed her response to Aerostar's separate motion for summary judgment against plaintiff's tort claims. **ECF No. 171**. On July 8, 2022, plaintiff filed responses to defendants' motions to amend or alter this Court's Opinion and Order pursuant to Fed. R. Civ. P. 59(e). **ECF Nos. 175**, **176**.

Defendants replied. **ECF Nos. 178, 186**.

---

[4] Therein, individual co-defendants also moved to join Aerostar's filings.
[5] Plaintiff captioned her filing as "Motion for Extension of Time to Oppose Aerostar's Motion [at **ECF No. 163**]". **ECF No. 168**.

## II.    Legal Standard

### A.    Summary Judgment[6]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." *Calero-Cerezo v. United States Dept. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004); *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016) (citations omitted); *see* Fed. R. Civ. P. 56(a). Although the Court states the facts in the light most favorable to the party against whom summary judgment is entered, the Court is still required "to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Adria Int'l Grp., Inc. v. Ferre Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) (citation omitted).

### B.    Motion to amend or alter judgment

A motion seeking a modification of the court's previous determination "because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 (1st Cir. 2005). Because of its nature and effects, it has been held that altering or amending a judgment is "an extraordinary remedy which should be used sparingly." *United States ex rel. Ge v. Takeda Pharm. Co.*, 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Thus, the court may grant relief under Rule 59(e) only if the

---

[6] *See* also, the "Legal standard" section in this Court's Opinion and Order at **ECF No. 158**.

moving party "clearly establishes"[7] "manifest error of law[...] newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." *Sánchez-Rosa v. Municipality of San Juan*, CV 18-1558 (RAM), 2020 WL 6286503, at *4 (D.P.R. Oct. 27, 2020) (quoting *United States v. Peña-Fernández*, 394 F.Supp.3d 205, 207 (D.P.R. 2019) (quoting *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014)).

A motion grounded on Rule 59(e) is "aimed at reconsideration, not initial consideration." *F.D.I.C. v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)(citing *Harley-Davison Motor Co., Inc. v. Bank of New England*, 897 F.2d 611, 616 (1st Cir. 1990)). The moving party should not use them to "raise arguments which could, and should, have been made before judgment issued." *Id.* (citing *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

## V.    Discussion[8]

### A.    Arellano and Román's request for summary disposition of plaintiff's claims under Law 115.

At the outset, the Court notes that plaintiff concedes Law 115 does not impose individual liability against the employer's employees or agents, such as Arellano and Román. *See* **ECF No. 129** at 2, n.1. However, the Court will not overlook the fact that plaintiff, through counsel,

---

[7] *Central Produce El Jibarito v. Luna Commercial Corp.*, 880 F.Supp.2d. 282, 285 (D.P.R. 2012)(citing *Markel Am. Ins. Co. v. Díaz-Santiago*, 674 F.3d 21, 32 (1st Cir. 2012)).

[8] Aside from those specifically identified herein, the Court draws the facts detailed herein from the well-pleaded facts asserted in the pleadings and the SUMF submitted by the parties that comply with Local Rule 56 as determined in this Court's Opinion and Order at **ECF No. 158**. *See CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008). Although the court reviewed every statement submitted by the parties, it will only consider and include in this Opinion and Order those facts that are material for purposes of summary judgment as mandated by Fed. R. Civ. P. 56 and this Opinion and Order.

maintained Law 115 claims against the individual co-defendants knowing full well such claims were barred under Puerto Rico law. Plaintiff "conceded" this point but only did so after years of this litigation.[9]

Accordingly, plaintiff's claims under Law 115 against Arellano and Román claims are **DISMISSED WITH PREJUDICE**.[10]

### B.    Tort claims

### (i)    Plaintiff's argument against Arellano and Román

As a threshold matter, the Court notes that defendants' renewed[11] joint request for dismissal of plaintiff's tort claims against them, at **ECF No. 162,** is technically unopposed. Indeed, as discussed before, plaintiff did not oppose the motion at **ECF No. 162** whereby co-defendants Aerostar, Arellano, and Román specifically reiterated their request for summary judgment dismissing plaintiff's tort claims.

Plaintiff's only effort to defend the validity of her tort claims against Arellano and Román was filed via response to Aerostar's separate motion. *See* **ECF No. 171**. Thus, aside from plaintiff's original opposition to the motions for summary judgment at **ECF No. 129** (ruled upon by the Court in its previous Opinion and Order at **ECF No. 158**) and plaintiff's response to co-

---

[9] Plaintiff's conduct, on its face, would appear burdensome. However, since there is no specific motion on this issue, the Court will not delve into the matter any further at this stage. Nonetheless, plaintiff's counsel is to be mindful of the dispositions under 28 U.S.C. § 1927  which provides, in relevant: "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

[10] As a matter of fact, pursuant to Puerto Rico Supreme Court caselaw, those claims should have never been filed against Arellano and Román in the first place.

[11] As instructed by the Court in its Opinion and Order.

defendant Aerostar's motion, plaintiff failed to properly respond to Arellano and Román's renewed request for summary judgment in connection with plaintiff's tort claims. Accordingly, plaintiff is "deemed to have waived any objection to" Arellano and Román's request at **ECF No. 162**. L. Civ. R. 7(b).

Nonetheless, for sake of completeness and to address plaintiff's litigation tactics, the Court will re-entertain plaintiff's original argument against Arellano and Román. **ECF No. 129**.

Back when defendants first moved for summary judgment, plaintiff posited that "if this conduct does not fall under special labor laws, Plaintiff would still have a cause of action against them pursuant to Article 1802." *Id*. Plaintiff doubled down arguing that, if the individual co-defendants' "liability is expressly excluded by corresponding labor laws, they are implicitly arguing that Plaintiff has a claim against them under Article 1802,". *Id*. In support, plaintiff explicitly relied on *Santiago Nieves. See* **ECF No. 129** at 23-24. Because the Court was not provided with certified translation of *Santiago Nieves*[12] the Court (against its better judgment) granted plaintiff the benefit of the doubt and denied without prejudice defendants' request against plaintiff's tort claims until a certified translation of *Santiago-Nieves* was made available.

Now, several months after, the Court confirms that plaintiff's argument was misleading in light of the clear precedent set down in *Santiago Nieves* and previous cases.

---

[12] Notably, plaintiff's arguments also relied on *Santiago Nieves*.

In *Santiago Nieves*, after deciding that Law 115 does not create liability against the employer's employees or agents,[13] the court also concluded that those same employees or agents could not be otherwise held accountable under Puerto Rico tort statutes for the same conduct.[14] In other words, contrary to what plaintiff propounds, "if the employment statute sanctions the [] conduct and grants a remedy," courts will not grant "any other remedy or cause of action laid down in a general statute." *Santiago Nieves*, at 368, **ECF No. 162-1** at 8. Thus, even assuming Arellano and Román incurred in the conduct alleged in the complaint, plaintiff cannot file tort claims against them just simply because they eschew liability under the employment statute.

For sake of precision:

[a]s a general rule, when dealing with conduct of an employer that is provided for and sanctioned in a special employment statute, the employee shall only be entitled to the remedy laid down in said statute without being able to resort to Art. 1802 of the Civil Code." (Emphasis added). Moreover, we acknowledged that the exclusivity of the remedies in these statutes "does not exclude the employer's civil liability for tortious conduct that it engages in for other reasons that are not the mere violation of a provision of employment laws." *Soc. de Gananciales v. Royal Bank de P.R.*, 98 TSPR 36, 1998 TSPR 36, 145 DPR 178, 193, 1998 Juris P.R. 37 (1998).

These rulings are based on the principle that double compensation must be avoided when an employment statute grants an employee a remedy for his grievance[…]

Employment statutes do not exclude the liability that a person may have for independent tortious conduct not contemplated in the statute, in accordance with Art. 1802 of the Civil Code, supra. Therefore, if the employment [*386] statute does not provide for and sanction the conduct in question or the conduct constitutes an autonomous culpable or negligent act, in the absence of that special legislation, Art. 1802 of the Civil Code, supra, is fully exercisable[…]

---

[13] Or any individual other than the employer (natural person or a legal entity) *per se*.

[14] This is not a new rule.

[…]

In this case, Mr. Santiago Nieves's employer for purposes of Act No. 115-1991, supra, is Braulio Agosto Motors, Inc. That entity would be the one liable if the claims brought against it were to be proven. The legal personality of Braulio Agosto Motors, Inc. remains separate from the legal personality of Mr. Agosto Vega and Mrs. Agosto Flores, main shareholder and president of the corporation, respectively. Consequently, just as the appealed lower courts had concluded, the claim filed against Mr. Agosto Vega and [*387] Mrs. Agosto Flores in their individual capacity under Act No. 115-1991, supra, is unfounded. Moreover, Mr. Santiago Nieves alleged, in short, that he was dismissed from employment without just cause and in retaliation. Mr. Santiago Nieves thereby based his claim solely on the fact that he was dismissed for having participated in an investigation [**23] of the Department of the Treasury. Likewise, *the allegations that he asserted against the respondents revolve around their participation in the dismissal, as his supervisors and agents* of the Braulio Agosto, Inc. corporation. However, Mr. Santiago Nieves did not allege any tortious act *independent from the dismissal* for which the agents of the employer could be liable under Art. 1802 of the Civil Code, supra. In view of the foregoing, we find no justification to maintain said defendants in this action. Therefore, the claims against them must be dismissed, as the lower courts had correctly decreed.

*Santiago Nieves*, at 368-369, **ECF No. 162-1** at 8-9 (emphasis added). This "preclusion rule," as the Court will call it for ease of reference, is not new and was certainly not minted by the *Santiago Nieves* Court. As a matter of fact, following Puerto Rico Supreme Court caselaw, *infra*, years ago Courts in this District already explained that when a "specific labor law covers the conduct for which a plaintiff seeks damages, he is barred from using that same conduct to also bring a claim under Article 1802." *Rosario v. McConnell Valdés*, 2008 WL 509204, *1–2 (D.P.R. 2008)(citing *Santini Rivera v. Serv Air, Inc.*, 137 D.P.R. 1, 1994 P.R. Eng. 909, 527 (1994)); *see Reyes-Ortiz v. McConnell Valdés*, 714 F.Supp.2d 234, 239 (D.P.R. 2010).

Therefore, were it not for plaintiff's misleading arguments at **ECF No. 129** under *Santiago Nieves*, plaintiff's tort claims against Arellano and Román should have been dismissed long ago.[15]

### (ii)     Plaintiff's argument against Aerostar

As explained before, plaintiff's only recent defense of her tort claims was formulated via response to Aerostar's motion at **ECF No. 163**. *See* **ECF No. 171**. There, for the first time, plaintiff argues that her "Article 1802" claims against the individual co-defendants are premised on "additional conduct," apparently suggesting that such "other conduct" is distinct from the conduct that triggers the plethora of causes of actions asserted in the complaint. Moreover, plaintiff added, "[a]nd because Article 1803 extends liability to Aerostar, it would be erroneous to dismiss [plaintiff]'s tort claims." **ECF No. 171** at 2.

As if the "additional conduct" argument was not surprising enough, plaintiff further contends that the facts in this case "are grounds for a cause of action of intentional infliction of emotional distress," a so-called "claim" which the Court cannot find pleaded in the complaint. *Id.*, at 4.[16] Thus, the argument goes, because the individual co-defendants are liable under Article 1802, Aerostar must also be liable under Article 1803. *Id.*, at 6.

---

[15] In her response to Aerostar's separate motion, plaintiff added an argument that could also be formulated against Arellano and Román. Thus, the Court now turns to plaintiff's arguments in response to Aerostar's requests.

[16] Plaintiff submitted yet another argument in support adducing to the "Statement of Motives" of the Act to Prohibit and Prevent Workplace Bullying in Puerto Rico "the Legislative Assembly recognized that, up until then… an employee could raise claims under Article 1802 for conduct not dissimilar to that against which [plaintiff] complains in this case." *Id.*, at 5. P.R. Laws Ann. Tit. 29 sec. 3111 *et seq*. However, even if the Court were inclined to entertain plaintiff's argument grounded on the statute's "Statement of Motives," which, of course, is technically not law, the Court is precluded from doing so. The reason is that the Court could not find an official or certified English translation of the statute's "Statement of Motives." Local Civil Rule 5 requires that "[a]ll documents not in the

The Court strongly disagrees with both arguments.

Notably, for the first time in two years of litigation, plaintiff seems to raise an argument (although skeletal)[17] based on an exception to the preclusion rule discussed above. To wit, the Puerto Rico Supreme Court has determined that "[e]mployment statutes do not exclude the liability that a person may have for *independent* tortious conduct not contemplated in the statute." *Santiago Nieves*, at 368, **ECF No. 162-1** at 8 (emphasis added). Indeed, an "additional claim under Article 1802 may *only* be brought by the employee-plaintiff if it is based on tortious or negligent conduct *distinct* from that covered by the specific labor law(s) invoked." *Reyes-Ortiz v. McConnell Valdés*, 714 F.Supp.2d 234, 239 (D.P.R. 2010)(emphasis added)(*quoting Rosario v. McConnell Valdés*, 2008 WL 509204, *1–2 (D.P.R. 2008)). However, here, plaintiff fails to meet this standard.

First, plaintiff fails to identify any such "independent" or "distinct" conduct. In her seven-page filing, plaintiff simply states, "to the extent that [plaintiff]'s claims against the individual defendants under Article 1802 are premised on additional conduct, which on its own, is tortious behavior, special labor laws do not pre-empt any of these claims." **ECF No. 171** at 3. The only conduct identified in plaintiff's motion are alleged incidents in which defendants "submitted [plaintiff] to constant offenses, insults, and harassment[,]" "repeatedly threatened to

---

English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts." *See* 48 U.S.C. § 864; *Puerto Ricans for Puerto Rico Party v. Dalmau,* 544 F.3d 58 (1st Cir. 2008).

[17] *See Vargas-Colón v. Fundación Damas, Inc.,* 864 F.3d 14, 24 (1st Cir. 2017) (*quoting United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990))

terminate her[,]" "work place harassment," "fil[ing] complaints against her." **ECF No. 171** at 3-4. However, this is the exact same alleged conduct that fuels plaintiff's claims under federal and local employment laws. *See* **ECF No. 1** and **129**. Evidently, plaintiff's request for tort damages hinges on the conduct that, according to plaintiff, also triggered relief under Title VII, EPA, Law 100, Law 115, Law 69, Law 17, and Law 80. *See* **ECF No. 1** at 9-13. Thus, plaintiff has failed to point to any conduct "*distinct* from that covered by the specific labor law(s) invoked" that would support am additional claim under Articles 1802 or 1803. *Reyes-Ortiz v. McConnell Valdés*, 714 F.Supp.2d at 239 (emphasis added); *see Santiago Nieves* (explaining that Law 115 sanctions conduct such as "any dismissal, discrimination or threats with regard to terms and conditions of employment… when an employer's agent dismisses, discriminates against or threatens a coworker with respect to the compensation, benefits or privileges of the coworker's position[.]").

Importantly, as discussed before, the fact that the asserted employment statutes do not impose individual liability against the employer's agents or employees does not mean that plaintiff has recourse against them under general tort law. *See Santiago Nieves*.

To boot, the Court reviewed plaintiff's complaint for allegations supporting her tort claims. **ECF No. 1**. There, plaintiff specifically claims defendants are "liable… for all damages caused to her *on account of her discrimination and retaliation pursuant to Article 1802… [and] Article 1803[.]*" **ECF No. 1** at 12-13 (emphasis added). In other words, according to the complaint, plaintiff's tort claims stem from the same conduct that underlies her statutory employment claims.

Second, plaintiff's intentional infliction of emotional distress argument[18] is seriously undeveloped. *See* **ECF No 171** at 4; *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)("It is not enough merely to mention an argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). Indeed, without more, plaintiff only posits that the defendants' conduct (the same conduct asserted in support of her employment law claims) is also "grounds for a cause of action of intentional infliction of emotional distress." **ECF No. 171** at 4. Yet, regarding her "intentional infliction of emotional distress" argument, plaintiff does not even suggest defendants incurred in independent conduct separate from the incidents that entitle her to relief under local and federal employment laws. As discussed before, plaintiff is precluded from filing general tort claims for the same conduct that would otherwise entitle her to file claims under employment statutes.

Plaintiff then cited *López-Méndez v. Lexmark Intern., Inc.*, 627 F.Supp.2d 66, 70 (D.P.R. 2009) and *Feliciano-Monroig v. AT&T Mobility P.R., Inc.*, Civil No. 16-2810 (JAG), 2019 U.S. Dist. LEXIS 57113, at *27-*28 (D.P.R. Mar. 31, 2019) in support of her undeveloped thesis. However, in *López-Méndez v. Lexmark Intern., Inc.*, a sister Court recognized that the preclusion rule (referred to as "preemption" in that case) does not necessarily apply if there is a showing of "other *independent* tortious conduct." *López-Méndez v. Lexmark Intern., Inc.*, 627 F.Supp. 2d at 70 (emphasis added). Here, as discussed before, plaintiff has failed to identify such "other independent conduct." *Id*.

---

[18] Because, as further discussed herein, there are no allegations amounting to a "claim" of "intentional infliction of emotional distress" in the complaint, the Court refuses to call it a "claim," even if it could be deemed as such under Puerto Rico law.

Moreover, plaintiff's reference to *Feliciano-Monroig v. AT&T Mobility P.R., Inc.* is unavailing. In that case, a sister Court dismissed plaintiff's "claims" for "intentional infliction of emotional distress" without any discussion that could benefit plaintiff. As a matter of fact, the Court in *Feliciano-Monroig v. AT&T Mobility P.R., Inc.* cut straight to the chase and determined that plaintiff "have simply failed to show that Defendants engaged in conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*, **ECF No. 136** at 23. Thus, the Court fails to see why this case is at all relevant to plaintiff's theory.

Even if plaintiff had properly developed her argument, it would not be more than precisely that: an argument. In contrast, there are no allegations in the complaint amounting to a "claim" (if possible) for "intentional infliction of emotional distress."[19] Neither has plaintiff requested leave to amend the complaint (the time for which has long expired). Regardless, the fact remains that "claims" of intentional infliction of emotional distress, despite its name, would ultimately be claims based on Puerto Rico general tort statutes. *See Odriozola v. Cosmetic Dist. Corp.*, 116 D.P.R. 485, 500, 1985 WL 301222, at *7 (1985). Thus, even if plaintiff had properly asserted a "claim" thereunder, the outcome would have been the same because of the preclusion

---

[19] Although not briefed by the parties, the Court feels compelled to clarify that the "intentional infliction of emotional distress" doctrine was adopted by the Puerto Rico Supreme Court under the Puerto Rico general tort statute as an exception to the employer's immunity created by Puerto Rico Worker's Compensation Act, P.R. Laws Ann. Tit. 11, § 20. *See Odriozola v. s. Cosmetic Dist. Corp.*, 116 D.P.R. 485, 500, 1985 WL 301222, at *7 (1985); *Santiago-Ramírez v. Secretary of Dept. of Defense of U.S.*, 62 F.3d 445, 447 (C.A.1 (D.P.R. 1995)("however, intentional torts fall outside the [Puerto Rico Worker's Compensation Act]'s compensatory scheme."). As far as the record reflects, no one has raised an immunity issue in this case.

rule outlined above. In conclusion, plaintiff is precluded from raising claims under Puerto Rico general tort statutes (including intentional infliction of emotional distress) based on the same conduct that triggered all the employment statutes listed in her complaint.

Accordingly, and based on Puerto Rico Supreme Court caselaw discussed above, including the recent Opinion in *Santiago Nieves*, plaintiff's claims under Puerto Rico tort statutes, Articles 1802 and 1803, are barred and hereby **DISMISSED WITH PREJUDICE** in light of the fact that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## C.      Defendants' motions under Fed. R. Civ. 59(e)

First Circuit caselaw generally recognize "three grounds for a valid Rule 59(e) motion: an 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence." *Soto-Padró v. Public Bldgs. Authority*, 675 F.3d 1, 9 (1st Cir. 2012) (citing *Morán Vega v. Cruz Burgos*, 537 F.3d 14, 18 (1st Cir. 2008); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005)). Here, defendants do not raise an intervening change in the applicable law, nor do they contend that they have found new evidence. Instead, they argue that the Court made a clear error of law when it denied in part their request for summary judgment.[20]

---

[20] Aerostars' "manifest error of fact" argument under Fed. R. Civ. P. 59(e) is supported by out-of-circuit caselaw, specifically from the Third Circuit. *See* **ECF No. 165** at 5.

### (i)      Aerostar's motion to amend or alter

Aerostar contends the Court based its determination on erroneous or unsupported factual findings. **ECF No. 165** at 1, 5. However, Aerostar is merely raising the exact same points it raised in its motion for summary judgment. Indeed, Aerostar simply asks the Court to grant summary judgment for the reasons it raised in its original motion for summary judgment. That is not what Rule 59(e) relief is for.

Aerostar argues that the Court erred in determining that there is direct evidence of sex discrimination supporting a Title VII claim based on her termination. **ECF No. 165** at 6. Specifically, Aerostar argues that the Court erred in reaching such determination because (i) a 2016 remark was too remote from the date of the employment adverse action and was not made in connection to plaintiff's employment termination or that they were discriminatory; (ii) only co-defendant Arellano made comments such as "pendeja," "you are no good to me," "maid," etc., and, even if true, they are not related to plaintiff's sex or refer to her work performance; (iii) Arellano did not gather other officials to make comments to or about plaintiff and, even if he did, the comments were not discriminatory or related to her work; (iv) Arellano did not give human resources instructions to find reasons to terminate plaintiff; and (v) Aerostar's human resources' director did not incite employees to file claims against plaintiff. **ECF No. 165** at 6-16. Moreover, Aerostar also disputes this Court's findings related to plaintiff's retaliation claims, arguing, *inter alia*, that Arellano did not base his decision to terminate plaintiff's employment on one report alone and that there were no inconsistencies regarding the consideration of

disciplinary measures after the first investigation. Finally, Aerostar reasserts its statute of limitation argument as to plaintiff's failure-to-promote claims. **ECF No. 165** at 22-25.

All of these arguments were raised by Aerostar in its request for summary judgment and were carefully addressed in this Court's Opinion and Order at **ECF No. 158**. More importantly, Aerostar failed to convince the Court it committed any legal error in its Opinion and Order at **ECF No. 158**.

Fed. R. Civ. P. 59(e) provides a very special remedy, one which "is exceedingly difficult for a litigant to win." *Soto-Padró v. Public Bldgs. Authority*, 675 F.3d at 9. Aside from an intervening change in the law, a clear error of law or newly discovered evidence, the party seeking to amend or alter an order "cannot use a Rule 59(e) motion to rehash arguments previously rejected." *Id*. Here, Aerostar raises "identical arguments which were rejected before judgment issued. Those arguments [are] not proper for a motion for reconsideration under Rule 59(e)." *Morán Vega v. Cruz Burgos*, 537 F.3d n.2. Without a doubt, Aerostar's arguments (cloaked as Rule 59(e) factors) are "retreads of ones that the [undersigned] ha[s] already rejected." *Soto-Padró v. Public Bldgs. Authority*, 675 F.3d at 9.

Therefore, Aerostar's motion pursuant to Rule 59(e) at **ECF No. 165** is hereby **DENIED.**

### (ii)      Individual co-defendants' motion to amend or alter

Arellano and Román also moved to amend or alter the Opinion and Order. **ECF No. 167**. Although filed by both co-defendants jointly, the filing asserts arguments as to each of them.

### (a)        Individual co-defendant Arellano

Co-defendant Arellano first argues that the Court should amend or alter its Opinion and Order to reflect that one of the reports prepared by outside counsel concluded that plaintiff's allegation made about sexual harassment were "false."[21] *See* **ECF No. 167** at 2-3. Based on that finding, he moves the Court to determine that he had "justified and non-discriminatory" grounds to fire plaintiff. However, the Court's legal conclusion denying Arellano's request for summary judgment is based on several other factor discussed at length in the Opinion and Order. Thus, no legal error was committed. Fed. R. Civ. P. 59(e).

Arellano then argues the same thing Aerostar did in connection with the 2016 statements and the jokes and comments of other officials or employees. **ECF No. 167** at 4-5. This argument is denied for the same reasons notes by the Court when addressing Aerostar's request above.

Finally, Arellano argues that he is not a member of the Board of Directors of Aerostar's parent company. **ECF No. 167** at 13. However, this argument was made without Arellano making any showing or citation to any testimony, document or affidavit to that effect. Thus, it fails to meet Fed. R. Civ. P. 56 and 59(e) bar. In any case, he also fails to explain why his status (as a member of the board of directors or not) changes the analysis herein.

---

[21] The Court is of the view that the Opinion and Order is correct and that any semantical difference between its finding and the one proposed is immaterial because they convey substantially the same message. Specifically, instead of using the word "false," the Court found that "plaintiff filed an internal complaint against Arellano and Román alleging sexual harassment" and that the investigation conducted revealed that "plaintiff did not have a sexual harassment claim against Arellano." **ECF No. 158**. Having clarified that issue the Opinion and Order at **ECF No. 158** will not be construed to prohibit defendants from presenting evidence of the exact text or content of the reports, if allowed by the Fed. R. Evid.

**(b)**      **Individual co-defendant Román**

Román first argues that summary judgment dismissing plaintiff's sex-based claims of discrimination and retaliation against her should be granted and, thus an amendment or alteration of the Opinion and Order is warranted. **ECF No. 167** at 8-9.

Román argues that, according to plaintiff's deposition testimony, even if plaintiff felt harassed by her, any such harassment was not based on plaintiff's sex. Instead, what plaintiff testified during her deposition was that Román harassed her to maintain "control" over the staff. **ECF No. 167** at 9. In plaintiff's own words it was only "labor harassment." *Id*. She further argues that plaintiff has never asserted Román acted with animus based on plaintiff's sex. *Id*. Thus, even assuming that Román harassed plaintiff (which she denies), the evidence does not show that her motivations were based on her sex. Accordingly, the sex discrimination and retaliation claims should not reach the jury and plaintiff's Law 100 and Law 69 claims should have been dismissed in the Opinion and Order. *Id.,* at 10; *see Rodríguez-Torres v. Caribbean Forms Manufacturer, Inc.*, 399 F.3d 52, 61 (1st Cir. 2005)("Law 69 is merely an amplification of the principles contained in Law 100."). In this regard, the Court agrees with Román. A Fed. R. Civ. P. 59(e) error was committed in this limited aspect.

Plaintiff filed a response basically admitting that she lacks evidence of Román's sex-based animus towards her. Indeed, instead of pointing to any piece of evidence or document, plaintiff simply stated that Román was not "an isolated player," "there is evidence to conclude [she] was part of the discriminatory scheme." **ECF No. 175** at 8. Yet, plaintiff conceded that "the record

[does] not include overtly discriminatory behavior by Román." *Id*. Then again, plaintiff was not able to quote a single line of her deposition transcript or other document showing that Román's discrimination or retaliation was based on plaintiff's sex.

Moreover, plaintiff did not cite any authority supporting her vague claim that every participant in the chain of events that led to the adverse employment action must be attributed with the unlawful animus. Even it did, the fact remains that plaintiff repeatedly testified during her deposition that Román only participated in the adverse employment action to maintain "control" or at behest of her superior, co-defendant Arellano. In other words, not because of animus against plaintiff's sex. *See* **ECF No. 175** at 8-9.

Contrary to what plaintiff lightly proposes about conspiracy-like liability, Puerto Rico law specifically imposes liability against the employer that takes adverse employment action against an employee "*on the grounds of*… sex[.]" *See inter alia* PR Laws Ann. Tit. 29, § 146.[22] Moreover, the Puerto Rico Supreme Court has made it clear that agents and employees may be liable under Laws 69 and 100 only "*for their own acts.*" *Nieves Santiago*, at 379, **ECF No. 162-1** at 6 (emphasis added).[23] Ergo, plaintiff's makeshift conspiracy argument is untenable under Puerto Rico employment law.

---

[22] "Law 69 is interpreted *in pari materia* with Law 100." *Rodríguez-Torres v. Caribbean Forms Manufacturer, Inc.*, 399 F.3d 52, 61 (1st Cir. 2005).

[23] "[U]pon interpreting Act No. 100 of June 30, 1959, 29 LPRA § 146 et seq., Act No. 69 of July 6, 1985, 29 LPRA § 1321 et seq., and Act No. 17 of April 22, 1988, 29 LPRA § 155 et seq., we determined that the civil liability established therein is not limited to the employer and that the agents are also liable in their personal capacity for their own acts. *Rosario v. Distribuidora Kikuet*, *supra*, page 644."

Logic also bars the argument. Vicarious lability, even the one created under Puerto Rico employment laws, only flows one way: from the employee or agent that takes unlawful steps to the employer. After all, it "is the employer who has the power to determine an employee's employment condition." *Nieves Santiago*, at 381, **ECF No. 162-1** at 6.

Therefore, the Opinion and Order at **ECF No. 158** is amended for the sole purposes of dismissing plaintiff's Law 100 and 69 claims against co-defendant Román, pursuant to Fed. R. Civ. P. 59(e).

**VI.    Conclusion**

In light of all the above, the Court hereby Orders:

The motions at **ECF No. 162, 163** are **GRANTED**. Plaintiff's tort claims against defendants are hereby **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 56.

Aerostar's motion to amend or alter at **ECF No. 165** is **DENIED**.

Individual co-defendants' motion to amend or alter at **ECF No. 167** is **GRANTED in PART and DENIED in PART**. Accordingly, the Opinion and Order at **ECF No. 158** is amended and altered for the sole purposes of dismissing plaintiff's Law 100 and 69 claims against co-defendant Román, pursuant to Fed. R. Civ. P. 56 and 59(e).

Plaintiff is granted 10 days to show cause why the Court should not order plaintiff or plaintiff's counsel to reimburse defendants for the full costs and fees related to the certified translation of *Nieves Santiago*, and impose a sanction under Fed. R. Civ. P. 11 for attorney's fees related to plaintiff's argument thereunder.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March, 2023.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**
